# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE J. MCDONALD, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-cv-921-DRH |
| TONY PAYNE, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Maurice McDonald, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Based on the allegations of the complaint, the Court finds it convenient to divide McDonald's *pro se* action into eight counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1**

McDonald alleges that on September 30, 2008, Defendant Payne issued him a false disciplinary ticket resulting in one month C-grade, one month segregation, and one month commissary restriction. McDonald additionally alleges that on November 17, 2008, Defendant Groves issued him a false disciplinary ticket resulting in three months C-grade, three months segregation, and three months commissary restriction. McDonald alleges that Defendant Groves's ticket was part of a conspiracy to cover-up Defendant Payne's ticket.

Civil conspiracy claims are cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). "[I]t is enough in pleading a conspiracy to indicate the parties, general purpose, and approximate date." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). However, conspiracy is not an independent basis of liability in § 1983 actions. *See Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "For liability under § 1983 to attach to a conspiracy claim, defendants must conspire to deny plaintiffs their constitutional rights." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

McDonald does not have a constitutional right to not have false reports filed against him. *See Hanrahan v. Lane*, 747 F.2d 1137, 1139-40 (7th Cir. 1984); *Freeman v. Rideout*, 808 F.2d 949,

951 (2nd Cir. 1986), *cert. denied*, 485 U.S. 982 (1988). Therefore, his civil conspiracy claim for conspiring to write a false disciplinary report is without merit, and this claim against Payne and Groves is dismissed with prejudice.

**COUNT 2**

McDonald alleges that Defendant Payne refused to honor medical permits, specifically low bunk and low gallery permits. As a result of this refusal, McDonald became upset and demanded the medical permit be honored. Payne allegedly refused and subsequently issued McDonald a disciplinary ticket. After the incident, McDonald was moved into a two-man cell with whom McDonald claims was a psychiatric patient. McDonald alleges this fellow inmate was violent and dangerous, and given McDonald's known blood clot condition and medical permits, he claims that the institution approves of its employees conspiring to commit murder. In other words, McDonald alleges he was deliberately placed in this cell in order to be murdered.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 492 U.S. at 106. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert denied*, 519 U.S. 897 (1996).

An allegation that Payne refused to honor a low bunk or gallery permit does not suggest an Eighth Amendment violation, particularly when McDonald omits any reference to what serious medical condition he suffered that might be adversely affected by refusal. Therefore, he has failed

to state a claim upon which relief may be granted, and this count is dismissed from this action with prejudice.

Additionally, McDonald's allegation of conspiracy to commit murder is frivolous and nonsensical. In *Neitzke v. Williams,* 490 U.S. 319 (1989), the Court noted that when a district court considers an *in forma pauperis* motion, it has

> the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . [such as] claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Id.* at 327-28. *See also Lee v. Clinton*, 209 F. 3d 1025, 1026 (7th Cir. 2000). McDonald's allegation that the institution conspired to commit murder by placing him in a cell with an allegedly violent and dangerous inmate describes just such a "fantastic or delusional scenario." The Court will not indulge him and this count will be dismissed with prejudice.

## **COUNT 3**

McDonald alleges that his segregation resulted in his being denied access to the courts. He claims he was denied legal transcripts, private investigation documents, a typewriter, and other materials as well as denied access to the law library. McDonald alleges Defendant Nepert assisted in Defendant Payne in a cover-up and destruction of legal transcripts.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial

of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.* In other words, an inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).

McDonald has failed to allege any detriment or frustration to any specific litigation or legal claim. Therefore, this claim against Payne, Nepert, and the Illinois Department of Corrections is dismissed with prejudice.

## COUNT 4

McDonald filed a grievance about the allegedly false disciplinary reports and alleges that he was denied witnesses at his hearing where he was found guilty. He alleges that the Adjustment Committee, headed by Defendants Parnell and Lee and approved by Defendant Walker, denied his right to witnesses, and that the Defendant Unknown Grievance Officer refused to respond to his complaint. McDonald also alleges that Defendant Hulick has knowledge and approves of the substandard disciplinary procedures. Thus, he contends that the disciplinary hearing violated his rights to procedural due process.

The Supreme Court has held that "[w]here a prison disciplinary hearing may result in the loss of good time credits, ... the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity ... to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). According to administrative records submitted with the complaint, McDonald was afforded all of these rights. Moreover, "the requirements of due

process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455.

Additionally, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

Therefore, this claim against Parnell, Lee, Walker, Hulick, the Illinois Department of Corrections, and the Unknown Grievance Officer is dismissed with prejudice.

## COUNT 5

While it does not appear that the McDonald lost good time credits, he still complains that the grievance procedure is a calculated scheme to deny good time credits. Even if McDonald had lost good time credits, the proper claim is for habeas corpus relief under § 2254. *See generally Wilkinson v. Dotson*, 544 U.S. 74 (2005); *Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). Thus, he has failed to state a claim upon which relief may be granted, and this claim is dismissed with prejudice.

## COUNT 6

McDonald alleges Defendant Groves was racially discriminatory when giving him the disciplinary ticket. His specific allegation is simply a generic conclusion that the ticket was "routine vicious racial amicus [sic]" in violation of the Fourteenth Amendment.

> [T]he "Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers...." *Briscoe v. Kusper*, 435 F.2d 1046, 1052 (7th Cir. 1970). A plaintiff "must demonstrate

> intentional or purposeful discrimination" to show an equal protection violation. *Bloomenthal v. Lavelle*, 614 F.2d 1139, 1141 (7th Cir. 1980) (per curiam). "'Discriminatory purpose' however, implies more than intent as volition or intent as awareness of consequences." *Personnel Administrator of Massachusetts v. Feeny*, 442 U.S. 256, 279, 99 S.Ct. 2282, 2296, 60 L.Ed.2d 870 (1979). It implies that the decision-maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on an identifiable group. *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

*David K. v. Lane*, 839 F.2d 1265, 1271-72 (7th Cir. 1988).

In this case, McDonald has failed to allege any intentional or purposeful discrimination. *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009) (A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, this claim against Groves is dismissed without prejudice.

## COUNT 7

McDonald complains of being demoted to C-grade and of being placed on commissary restriction, and that this sanction violates due process. When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). However, he has no protected liberty interest in demotion to C-grade status or loss of commissary privileges. *See Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997). Therefore, this claim against the Illinois Department of Corrections is dismissed with prejudice.

## COUNT 8

In the complaint, McDonald mentions sweat pants, a sweat shirt, underwear, towels, and

laundry bags that were "taken." It is not clear that he is trying to file a claim about the confiscation or destruction of his personal property, particularly because he does not specifically allege that any particular person took, stole, or destroyed these items. If he is trying to make such an allegation he does not state a claim upon which relief can be granted.

The only constitutional right that might be implicated by confiscation or destruction of these items is his right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, McDonald has no claim under § 1983, and this claim is dismissed with prejudice.

**DISPOSITION**

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. All pending motions are **DENIED** as moot.

McDonald is **ADVISED** that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). This is now the third action McDonald has filed that has been dismissed as frivolous pursuant to § 1915. *See also McDonald v. Porter*, Case No. 08-cv-342-GPM, 2009 WL 426294 (S.D. Ill., Feb. 20, 2009); *McDonald v.*

*Feinerman*, Case No. 08-cv-395-GPM, 2009 WL 648652 (S.D. Ill., Mar. 12, 2009).  Thus, McDonald may no longer proceed *in forma pauperis* in federal court, unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: July 27, 2009.**

/s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**